HARLAN P. HAYES v. EPHRAIM STOCKWELL ET AL. (ORIGINAL BILL), AND FREDERICK THOMAN v. HARLAN P. HAYES (CROSS-BILL).

*Mortgage—Amount due—Tender.*

This case involves questions of fact purely, the issue being whether a mortgage sought to be foreclosed has been paid or a tender made of the balance due.

Appeal from Eaton. (Hooker, J.) Submitted on briefs October 30, 1888. Decided January 18, 1889.

Bill to foreclose a mortgage. Defendant Thoman appeals. Decree affirmed. The facts are stated in the opinion.

*Shriner & Fox,* for complainant.

*A. E. Cowles,* for appellant.

MORSE, J. The bill of complaint in this cause was filed to foreclose a mortgage given by the defendants Ephraim and Betsy Stockwell to one George N. Potter,

and by him assigned to the complainant. The defendant Thoman claims to be the owner of the premises described in the mortgage. When the land was conveyed to Thoman, there was upon it a saw-mill and machinery therein, which he claims, by virtue of his deed from Ephraim and Betsy Stockwell, became his property. He further claims that on August 14, 1886, he sold this mill and machinery to the complainant for the sum of $1,600, $1,000 of which was to be indorsed as a payment on the Potter mortgage, and the remaining $600 to be paid one M. E. Stockwell, or, if not so paid, to be also applied as a payment on said mortgage. After the filing of the bill in this case, Thoman tendered to the complainant a sufficient sum of money, together with this $1,600, to pay the same and the costs up to the date of the tender. When the tender was refused, he filed a bill, making the complainant a defendant, asking that Hayes be compelled to cancel and release the mortgage, and also praying for the statutory penalty of $100, because of the refusal and neglect of Hayes to discharge the mortgage after such tender of payment and tender of release for execution and acknowledgment. This bill, by stipulation, is treated as a supplemental bill in the nature of a cross-bill filed in this cause.

The complainant is willing to and does credit $1,000 of the purchase price of the mill and machinery upon the mortgage, but refuses to credit the $600, claiming that Thoman never owned the mill or machinery, and that the same, subject to certain incumbrances, belonged to Ephraim and Millard E. Stockwell, Millard being the son of Ephraim; that before August 14, 1886, M. E. Stockwell had negotiated a sale of the mill property to one Bohn; that Bohn learned that there were incumbrances upon the property, and refused to complete the sale, unless Stockwell would indemnify against creditors,

who held or claimed to hold liens upon it; that thereupon the Stockwells applied to Hayes to aid them in selling the property, and agreed with him that he indemnify the purchaser against all liens and claims against the mill and machinery, and that, in case he sold the mill, he should indorse $1,000 upon the Potter mortgage, and use so much of the $600 balance as might be necessary to pay off incumbrances, and pay the residue, if any, to M. E. Stockwell; that under this agreement he assisted in the sale of the property to Bohn; that he purchased claims against the property to the amount of $458.48; that there are still large liens and claims against the property, which he has agreed with the Stockwells and Bohn he would settle and care for; that Thoman knew of this agreement, and never made any claim that he owned the property, or that M. E. Stockwell was his agent.

He also claims that at the time the land was deeded to Thoman the Stockwells were insolvent, and that Thoman took the title in his name for the sole purpose of aiding them in their embarrassment, and to help them extricate themselves from debt, with a view of keeping the property in his name, and away from the creditors of the Stockwells, until such time as their matters could be settled or adjusted in such a way that he might safely re-deed the premises to them.

Thoman admits that he had no hand personally in the sale of the property, but claims that he sold it through M. E. Stockwell, who was his agent; and that complainant knew that he owned the property, and that Stockwell was his agent in making the sale and the agreement to apply the proceeds towards the payment of the mortgage. No part of the $600 was ever indorsed upon the mortgage or paid over to M. E. Stockwell.

On the hearing upon pleadings and proofs the court

below found with the complainant, and gave him the usual decree of foreclosure.

We do not deem it necessary to discuss the evidence. The testimony is very conflicting, and some of it is quite unsatisfactory. We think the decree is right, and should be affirmed.

We are satisfied that Thoman never owned the mill and machinery; that it belonged to M. E. Stockwell, while his father owned the land; and Thoman, when he received his deed of the premises, knew that Ephraim Stockwell had no interest in the mill or the property pertaining to the mill business.

We find that M. E. Stockwell, with the assistance of the complainant, sold the mill and machinery to Bohn on his own account, and not for Thoman. Neither Hayes nor Bohn knew that Thoman made any claim to the property so sold until after the sale and delivery of it. We find nowhere in the evidence any agreement that the $600 should be indorsed or applied upon the Potter mortgage. The $1,000 was indorsed. None of the defendants have any right to inquire into the disposition of the amount received by Hayes over and above $1,000. The property belonged to M. E. Stockwell. He and the complainant differ about the agreement as to the disposition of the balance. This is a matter to be settled between them, however, and does not concern the defendants in this suit, as neither M. E. Stockwell nor any other person, knowing the terms of the agreement between him and Hayes, claims or testifies that any more than $1,000 was to be indorsed on the mortgage. The Potter mortgage contained a clause reserving the right to move the mill machinery from the land on the payment of $1,000 upon it. This $1,000 has been paid; and, the property belonging to M. E. Stockwell, he had the right, after

such payment, to dispose of it as he saw fit; and he did not stipulate, according to his own testimony, that the $600 should be applied on the mortgage, but that it should be paid to him.

The decree of the court below is affirmed in all things, with the costs of this Court against the defendant Thoman.

The other Justices concurred.